*Court of Common Pleas, Dauphin County, April 4th,* 1859

HINES *v.* PORTER.

When part of the set-off relied upon in an affidavit of defence is apparently barred by the statute of limitations, but is not separated from that part which is good, this is not a sufficient affidavit of defence.

BY THE COURT.—The affidavit filed we should hold to be sufficient, if the set-off stated was not in part barred by the statute of limitations, so far as can be determined from the dates of the account. Although it might be more satisfactory and better accord with the rule, if the defendant would append to his affidavit a copy of the account proposed to be set off, as thereby the nature and character of the defence would be more specially set forth, yet, according to adjudicated cases, it can be lawfully done, as here, where the whole account is within the time of legal limitation, but where a plaintiff's claim is apparently barred, he must state such special facts as will take the case out of the effect of the statute, else the defendant may, instead of making an affidavit, merely file a suggestion that the claim as set forth is barred. In like manner, where the defendant avers a set-off, he must state, under oath, such facts as will make his claim appar-

ently legal and valid. Such is the case here as to part of the set-off, but not as to the other part; and it is impossible for us to separate one portion from the other. The plaintiff has a right to have the defence so set forth that he can take judgment for all not *primâ facie* good as a set-off. Here no one can know how much was incurred after or before the six years, as some four years of the account is apparently to be excluded. The affidavit does not show that there were *mutual* dealings; therefore, all over six years are barred.

The affidavit of defence is consequently insufficient, but we will permit an amended affidavit to be filed at any time on or before the 11th day of April inst.; and if not done judgment is directed to be entered for want of a sufficient affidavit of defence.

*Briggs, for plaintiff.*

*Boas and Fisher, for defendant.*